IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DYLAN J. FYE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-00218 |
| | ) Jury Demanded |
| SYKES ENTERPRISES, INCORPORATED, | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, Dylan J. Fye, for his Complaint against Defendant, Sykes Enterprises, Incorporated, avers as follows:

Nature of Action

1. This is a civil action seeking relief for injuries suffered and sustained by Plaintiff because of Defendant's failure to provide a reasonable accommodation as required by the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, et seq., and for damages suffered and sustained by Plaintiff because of Defendant's unlawful termination of his employment in violation of the ADA, the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. 4-20-401, et seq., and the Tennessee Disability Act ("TDA"), Tenn. Code Ann. 8-30-103.

Jurisdiction and Venue

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. Plaintiff files this action within ninety days of receiving notice of a right-to-sue under the ADA from the Equal Employment Opportunity Commission, Charge No. 494-2017-01145.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because the parties reside in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

Parties

5. Plaintiff is a 28 year-old resident of Hamblen County, Tennessee.

6. Defendant is a Florida corporation and can be served with process through its registered agent in Tennessee, Paracorp Incorporated, 992 Davidson Drive, Suite B, Nashville, TN 37205-1051.

7. Defendant is an employer within the meaning of and subject to the ADA, THRA, and TDA.

Facts

8. Defendant is a large employer that operates call centers throughout the country, including a call center in Morristown, Tennessee.

9. Plaintiff began working for Defendant at the Morristown call center as a phone representative on October 3, 2016.

10. In January 2017, Plaintiff was involved in an accident, which resulted in head trauma and permanent vision loss in his right eye, resulting from a neurological impairment that, at all relevant times, substantially limited Plaintiff in a number of major life activities, including but not limited to seeing.

11. At all relevant times, due to his disability, Plaintiff was under physician-imposed restrictions, such as a prohibition on driving and no lifting over 25 pounds,

neither of which affected Plaintiff's ability to perform his job.

12. Plaintiff was and is, however, sensitive to light in the affected eye, something his physicians have recorded.

13. At the call center, Plaintiff was typically assigned one of the desks next to large glass windows, which increased Plaintiff's light sensitive and pain in the affected eye.

14. Beginning in February 2016, shortly after he returned to work after the accident, Plaintiff began requesting a reasonable accommodation in the form of moving to one of the call desks situated in the center of the floor away from the windows, where Plaintiff was able to perform all of the essential functions of his job without difficulty.

15. Plaintiff repeatedly and in writing requested this accommodation, but each time the accommodation was ignored or rejected.

16. Additionally, from January to March 2017, Plaintiff had to miss work intermittently—but not excessively—for doctor's appointments. Defendant began to count these absences against him.

17. Again, Plaintiff advised Defendant that he had a serious medical condition and a disability that would require these periodic—but not excessive—absences and asked that they be excused.

18. Eventually, because he was being threatened with termination, Plaintiff formally requested intermittent leave (for the doctor's appointments described above) under the ADA, as a reasonable accommodation.

19. In response Defendant required Plaintiff to obtain certification from his medical provider, which Plaintiff provided. In fact, on multiple occasions, Plaintiff furnished Defendant with physician certification of his disability, both on forms provided by Defendant as well as on his physician's letterhead. These "certifications" included

3

statements regarding his light sensitivity.

20. In or around April, Plaintiff reported to work and was told to go home unless he had a full release from his physician showing that he had no restrictions and was no longer under physician care. This happened on multiple occasions. Plaintiff would report to work and be told to go home until he was fully released without restrictions.

21. On multiple occasions, in writing and in person, Plaintiff attempted to explain to HR representatives that his restrictions did not prevent him in any way from performing his job, with or without reasonable accommodation.

22. On or around May 8, 2017, Plaintiff initiated the subject Charge of Discrimination with the EEOC.

23. After Defendant was informed of Plaintiff's EEOC Charge, corporate HR in Florida told Plaintiff he could return to work and that they had received all paperwork they needed. However, when Plaintiff would thereafter report to his worksite, the local HR representatives and the site director told Plaintiff that he could not return to work until he was fully released from physician care with no restrictions.

24. This absurd back-and-forth continued, with Plaintiff being involuntarily prevented from returning to work for no legitimate, non-discriminatory reason, until he was apparently officially terminated on December 12, 2017.

## Count I
### Defendant Discharged Plaintiff because of His Disability

25. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–24 as if set forth fully herein.

26. Plaintiff suffers from a "disability" within the meaning of the ADA, THRA, and TDA.

27. Defendant knew of Plaintiff's disability and treated Plaintiff less favorably than similarly situated employees without disabilities.

28. Plaintiff was qualified for the position he held with Defendant.

29. Defendant discharged Plaintiff because of his disability in violation of the ADA, THRA, and TDA.

30. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

31. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

32. Plaintiff is entitled to reasonable attorney's fees and costs stemming from this violation of the ADA, THRA, and TDA.

## Count II
### Defendant's Failure to Provide Reasonable Accommodation

33. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–32 as if set forth fully herein.

34. Plaintiff requested a reasonable accommodation for his disability.

35. Defendant was aware of Plaintiff's disability at the time of his requests for accommodation.

36. Defendant failed to provide Plaintiff with a reasonable accommodation as required by the ADA, by firing Plaintiff during his ADA required leave of absence.

37. As a direct and proximate result of Defendant's failure to provide reasonable accommodation, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

38. As a direct and proximate result of Defendant's failure to provide reasonable

accommodation, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

39. Plaintiff is entitled to reasonable attorney's fees and costs stemming from this violation of the ADA.

Count III
<u>Defendant's Retaliatory Discharge for Requesting Accommodation</u>

40. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–39 as if set forth fully herein.

41. By requesting an accommodation for his disability, Plaintiff exercised rights secured by the ADA.

42. Defendant failed to provide a reasonable accommodation, and discharged Plaintiff because of he exercised his rights under the ADA.

43. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered lost wages and benefits, for which Defendant is now legally liable.

44. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered humiliation, embarrassment, and emotional distress.

45. Plaintiff is entitled to reasonable attorney's fees and costs stemming from this violation of the ADA.

<u>Punitive Damages</u>

46. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–45 as if set forth fully herein.

47. Defendant acted with malice or reckless indifference to the protected rights of Plaintiff, entitling Plaintiff to punitive damages.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff, Dylan J. Fye, respectfully prays for relief as follows:

1. That process issue and that Defendant be required to answer this Complaint within the time prescribed by the Federal Rules of Civil Procedure.

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), prejudgment interest; compensatory damages for emotional distress, and punitive damages for Defendant's intentional indifference to Plaintiff's protected rights;

3. That Plaintiff be awarded any actual monetary loss sustained by Plaintiff;

4. That Plaintiff be awarded reasonable attorneys' fees and costs;

5. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

6. Plaintiff further demands a Jury to try this cause.

          Respectfully submitted,

          /s/Richard E. Collins
          Richard E. Collins (TN Bar # 024368)

422 S. Gay St., Suite 301
Knoxville, TN 37902
(865) 409-4416
(865) 409-2494 fax
richard@knoxvilleattorney.com